# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **CHRISTOPHER LEE GRIFFIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:04CV00918** |
| | ) | |
| **KRISTAL LOUISE WALKER,** | ) | |
| **OFFICE OF THE DISTRICT** | ) | |
| **ATTORNEY, and POLICE OFFICER** | ) | |
| **T. REDDICK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

**SHARP, Magistrate Judge**

Plaintiff Christopher Lee Griffin, proceeding *pro se*, filed this civil action on October 6, 2004. As Defendants, Plaintiff Griffin named Kristal L. Walker, the Office of the District Attorney, and Police Officer T. Reddick. The Court granted *in forma pauperis* status to Plaintiff (while requiring partial and continuing payments by Plaintiff), and directed the United States Marshal to serve the Complaint upon the Defendants.

Plaintiff's "Statement of Claim" in his *pro se* Complaint reads in full:

> On 6-16 or 20, 2003, the Maxway was robbed by some person. Somehow my name and photo was picked out by Kristal Walker. The police, T. Reddick, did get an order for my arrest. The day I found out was 6-24-03. The police tried to take me to jail. I got away. 10-10-03. I was in the place I was staying and the police got me. When I talked to the public defender, Paul James, he said that the DA had a video tape of me, he said I should take a plea. I said I did not do it (rob the store). Then Kristal Walker picked

somebody else in the photo line-up. The DA still tried to get me to take a plea. The public defender said that if I didn't take the plea, I would sit in jail for 2 years. So, I told them we need a trial. I got a court date and I asked what was the case. I was told a man (Roy Beck), who I never knew, said he saw me running from the store. On March 5, 2004, I went to court and got to see Roy Beck face to face. He told the court he did not know me. The DA still tried to lock me up.

(Pleading No. 2, Complaint at 3.)

For relief, Plaintiff requests:

I would like the court to give me a lawyer to show in a trial how the police went by gross means to have me locked up, job loss, pain and suffering. Next, Maxway and Kristal Walker to compensate me for negligence and poor training. I want monetary damages from the District Attorney's Office. Last, to have the DA stop prosecuting me unfairly in my case. Each party to pay $100,000.

*Id.* at 4.

In response to the Complaint, Defendants the Office of the District Attorney and T. Reddick have filed motions to dismiss. (Pleading Nos. 11 and 16.) Defendant Kristal Walker has not been served with process. *See* Pleading No. 7. Plaintiff filed a "Motion to Amendment" wherein he seeks to add the allegation that:

[T]he DA . . . did attempt to secure continued incarceration of plaintiff after Star witness said I did not rob Store. Never was probable cause, but DA had me held on false witness (Roy Beck). This was done also, at a Habeas Corpus hearing it was known to Court that both witnesses of crime said I did not do crime. DA still put me under bond.

(Pleading No. 14.)

Plaintiff filed additional motions for leave to amend, seeking to add Variety WholeSaler as a Defendant. (Pleading Nos. 19 and 31.) Plaintiff has also filed a motion for

appointment of counsel, a motion for discovery, and a motion for partial rescission of the Court's order for continuing partial payments of the filing fee in this case . (Pleading Nos. 29, 30, and 32.)  All motions are ready for a ruling.

Plaintiff Griffin does not identify a federal jurisdictional ground for this action; nor does he identify any federal statute which he believes to form the substantive basis for his cause of action.  Nonetheless, it is apparent that Plaintiff intends to allege federal question jurisdiction, and seeks to state a cause of action under 42 U.S.C. § 1983 for violation of his constitutional rights during his prosecution for robbery in the state courts.  Defendants the Office of the District Attorney and Police Officer T. Reddick have moved to dismiss under Fed. R. Civ. P. 12(b)(6) on grounds that the Complaint fails to state a cause of action on which relief could be granted.

A Rule 12(b)(6) motion should be granted only in limited circumstances.  *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989).  It is well established that "a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Id*. (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969)).  Thus, the sole question in ruling on a motion to dismiss under Rule 12(b)(6) is whether, viewing the allegations of the complaint in the light most favorable to the plaintiff, the complaint states any valid claim for relief.

Rule 12(b)(6) must be construed alongside the pleading requirements of Rule 8. The Supreme Court has interpreted Rule 8 as requiring only "notice pleading," so that a defendant need only receive from the complaint fair notice of the claim and the ground on which the claim rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although this threshold is low, "it is real -- and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). Nonetheless, *pro se* complaints must be liberally construed. *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977).

In the case at bar, it is apparent from the allegations of the *pro se* Complaint that Plaintiff has no understanding of the limited nature of federal jurisdiction. Nor is he familiar with the contours of a § 1983 action. Nonetheless, the Court must consider the factual allegations of the Complaint, and determine if those allegations, liberally construed in favor of the Plaintiff, could make out a federal claim under any facts provable by Plaintiff.

Review of the *pro se* Complaint reveals that Plaintiff has not stated a federal claim against any Defendant. Defendant the Office of the District Attorney is absolutely immune from civil suit while performing prosecutorial functions. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). No allegation made by Plaintiff could form the basis for avoiding this immunity. Plaintiff has stated no cause of action against Police Officer Reddick, alleging only that he sought an order for Plaintiff's arrest after witness Kristal Walker identified Plaintiff as the culprit in the robbery of a Maxway store. This allegation obviously raises no claim of

constitutional dimension against Officer Reddick since there is no inference of a lack of probable cause for the arrest.

Plaintiff's claim against Kristal Walker, who has not been served with process, is dismissed at this time as legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Witnesses in judicial proceedings are protected by absolute immunity from the type of claim attempted here by Plaintiff. *See Briscoe v. LaHue*, 460 U.S. 325, 335-36 (1983).

The Court **DENIES** Plaintiff's motion for appointment of counsel (Pleading No. 29), finding that Plaintiff has no colorable claim to make in this action. The Court **DENIES** Plaintiff's request for partial recission (Pleading No. 32). Plaintiff has not shown that he has paid more than the filing fee required in this action, and the action now stands to be dismissed. The Court **DENIES** Plaintiff's motion to amend his Complaint (Pleading No. 31) to add another party. For reasons set forth above, the amendment would be futile. Plaintiff's motion for discovery (Pleading No. 30) is **DENIED** since Plaintiff's Complaint states no cause of action. The Court **GRANTS** Plaintiff's motion to amend the Complaint to add an allegation directed toward Defendant the Office of the District Attorney. (Pleading No. 14.)

Conclusion

For reasons set forth above, **IT IS HEREBY ORDERED** that the motions to dismiss filed by Defendants the District Attorney and Police Officer T. Reddick (Pleadings Nos. 11 and 16) are **GRANTED**. This action is **DISMISSED** as to unserved Defendant Kristal L. Walker for the reason that it is legally frivolous. All of Plaintiff's ancillary motions

(Pleading Nos. 19, 29, 30, 31, and 32) are **DENIED**, except for the motion to amend the Complaint to add an allegation (Pleading No. 14), which is **GRANTED**.

On the basis of the above rulings, **IT IS HEREBY ORDERED** that this action shall be dismissed in its entirety. A judgment dismissing this action with prejudice will be entered contemporaneously with this Memorandum Opinion and Order.

_____/s/ P. Trevor Sharp_____
United States Magistrate Judge

Date: July 18, 2006